## PORTSMOUTH PUBLIC SERVICE CO v FRALEY

Ohio Appeals, 4th Dist, Scioto Co
Decided Dec 12, 1930

Miller & Searl, Portsmouth, for Service Co.

B. F. Kimble, Portsmouth, for Fraley.

**MIDDLETON, PJ.**

It is claimed by the company, first, that the trial court erred in excluding from the jury the testimony of one Doctor Braunlin. Doctor Braunlin, it appears from his testimony, has been consulted as a physician by Fraley and had rendered him some professional services shortly after the alleged date of the injury. It is sufficient to say that the doctor's testimony was very damaging to the claims of Fraley and tended to impeach Fraley's testimony to some extent. The bill of exceptions shows, however, that Braunlin was permitted to testify and was immediately followed by several other witnesses, and after the lapse of some time and during the testimony of one Doctor Shaffer the latter was asked this question by the court:

"Q  Did you examine him?

A  Yes, I examined him for the company.

Jury excused.

Mr. Kimble. I want to make a motion at this time to strike from the record all the testimony of Dr. Braunlin as to matters he observed in an interview with this plaintiff here as to statements made to him by the plaintiff.

Sustained.

Defendant's exceptions.

Jury returned."

The above quotation contains the full record in the bill of exceptions as to what occurred in respect to the action of the court in taking from the jury and striking from the record the testimony of Doctor Braunlin. There is nothing in the bill of exceptions to show that the trial court during the further proceedings again referred to the testimony of Doctor Braunlin, and the bill of exceptions wholly fails to show that the court ever withdrew from the jury that testimony or gave them any instructions not to consider it and to disregard it in arriving at a verdict. It is apparent, therefore, that no perjudice could possibly have resulted to the company by the mere action of the court in sustaining the motion referred to in the absence of the jury.

Another complaint is made growing out of the action of the court in sustaining the motion to Doctor Braunlin's testimony. It appears on page 89 of the bill of exceptions that counsel for the company stated to the court that he desired to comment in his argument to the jury upon the fact that Fraley had refused to permit Doctor Braunlin to testify, and that the court directed counsel not to comment on that matter, to which counsel for the company excepted. It is difficult to understand upon what theory this request was made when, as it clearly appears, Doctor Braunlin's testimony was given to the jury and was never withdrawn from its consideration by the court. It does not appear from the bill of exceptions that at any time during his testimony the plaintiff was able to exclude from the jury any of the witness' statements regarding any material fact. The question which probably reflected more seriously on Fraley's claim than any other fact testified to by Doctor Braunlin was objected to by counsel for Fraley, the objection overruled and the witness was permitted to answer that Fraley said a swelling on the latter's jaw had begun about the 27 or 28 of January. And this testimony, as before observed, went to the jury and remained with the jury during its consideration of the case. There was no prejudice in the action of the court thus complained of for the reason that there was nothing before the jury to show that Fraley had ever refused to permit Doctor Braunlin to testify. See last paragraph in the opinion in **Carpenter v Bailey, 29 Pac. 1101.**

1105.

It is further contended that the verdict is not supported by sufficient evidence. It appears from the record that the Court of Common Pleas at a former trial set aside, on motion of the company, a verdict in favor of Fraley on the ground that it was against the manifest weight of the evidence. This action of the court exhausted its jurisdiction further to act in respect to this particular matter and it was therefore required to overrule the motion for a new trial on this ground. And this court, reviewing that action, must affirm the lower court for the reasons stated.

We find nothing in this record that would justify a reversal on any of the grounds urged and the judgment is affirmed.

Mauck and Blosser, JJ, concur.